UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARLAND KNIGHT,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | No. 3:18-cv-959 (SRU) |
| DEPARTMENT OF CORRECTION,<br>    Defendant. | : <br> : <br> : | |

## **INITIAL REVIEW ORDER**

On June 6, 2018, Garland Knight, an inmate currently confined at Osborn Correctional Institution in Somers, Connecticut, brought a complaint *pro se* under 42 U.S.C. § 1983 against the Connecticut Department of Correction ("DOC") for violating his constitutional rights. Compl., Doc. No. 1. He seeks damages and injunctive relief against the DOC. *Id.* at 9. On September 26, 2018, Magistrate Judge William I. Garfinkel granted Knight's motion to proceed *in forma pauperis*. *See* Order, Doc. No. 16. I am dismissing Knight's complaint in this case for two reasons: (1) he cannot sue the DOC for damages under section 1983, and (2) he has alleged the same facts and raised the same claims in another pending civil action in this court, *Knight v. Semple*, No. 3:18-cv-703.

I.  Standard of Review

Pursuant to 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544,

555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. <u>Factual Allegations</u>

Knight alleges the following facts. On January 16, 2018, Knight was sentenced in state court to seven years of incarceration, execution suspended after two years, and three years of probation for a controlled substance violation under section 21a-277(a) of the Connecticut General Statutes. Compl., Doc. No. 1 at ¶ 1. He was sent to the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. *Id.*

On January 18, Knight received his Offender Accountability Plan instructing him to obtain a job and referring him to addiction services. *Id.* at ¶ 2. He also received his Classification Review Sheet showing that his "overall level" was 2. *Id.*

On January 25, Knight met with Counselor Supervisor Doran who informed him that a hearing on whether he would receive a sexual treatment score based on non-conviction related information would be held on January 29. Compl., Doc. No. 1 at ¶ 3. At the hearing before the Classification Committee, Knight was asked to comment on a police report from seventeen years ago. *Id.* at ¶ 4. Knight vehemently denied the allegations in the report. *Id.* Nevertheless, the Committee assigned Knight a sexual treatment needs score of 3, revised his Offender

Accountability Plan, and transferred him to Brooklyn Correctional Institution, a facility specializing in sex offender treatment. *Id.* at ¶ 5.

Knight appealed the classification decision on February 3, 2018. *Id*. at ¶ 6. The appeal was denied on March 2, 2018. *Id.* at ¶ 9. Meanwhile, he attended orientation at Brooklyn Correctional Institution. *Id.* at ¶ 7.

   III.   Analysis

Knight is suing the DOC for "17 [plus] years of discrimination" for treating him as a sex offender. *See* Compl., Doc. No. 1 at 4. He claims that the sexual offender classification policy of the DOC as applied to his incarceration in early 2018 was discriminatory and violated his Eighth Amendment protection against cruel and unusual punishment. *Id.* at 9.

The DOC is a state agency and is, therefore, not subject to liability for damages under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (state agency not a person within meaning of § 1983); *see also Santos v. Connecticut Dept. of Corrections*, No. 3:04-cv-1562 (JCH) (HBF), 2005 WL 2123543, *3 (D. Conn. Aug. 29, 2005) (DOC not person subject to liability under section 1983). Therefore, Knight cannot obtain damages against the DOC in this action.

Moreover, Knight has alleged the same facts and asserted the same challenges to his sex offender classification in a previously filed civil action in this court, *Knight v. Semple*, No. 3:18-cv-703. In that case, Knight raised multiple constitutional claims, including an Eighth Amendment claim and a Fourteenth Amendment Due Process claim, against several DOC officials for relying on the seventeen-year-old police report to determine his sexual treatment needs score. *See* Initial Review Order, Doc. No. 22, *Knight v. Semple*, No. 3:18-cv-703, at 3. I dismissed his complaint in that case for failure to state a claim under section 1915A(b)(1) but

3

permitted Knight an opportunity to amend his complaint by October 26, 2018. *Id.* at 9. This case appears duplicative of the previously filed complaint and, therefore, is subject to dismissal under the prior pending action doctrine, which states that "where two lawsuits in the same court include the same claims, 'the first suit [filed] should have priority.'" *Webb v. Arnone*, No. 3:17-cv-1624 (SRU), 2018 WL 3651333, at *4 (D. Conn. Aug. 1, 2018) (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)).

"'In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit, unless there are special circumstances, not present here, that favor giving priority to the second.'" *Id.* (quoting *Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001)); *see also Torrez v. Department of Correction*, No. 3:17-cv-1223 (SRU), 2017 WL 3841681, at *3 (D. Conn. Sept. 1, 2017) ("Where two pending actions address the same legal claims and conduct, the court may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit") (quoting *Edwards v. North American Power and Gas, LLC*, No. 3:14-cv-1714 (VAB), 2016 WL 3093356, at *3 (D. Conn. June 1, 2016)).

I have already addressed Knight's challenge to the DOC's sexual offender classification policy in the previously filed lawsuit and dismissed with prejudice all constitutional claims with the exception of his due process claim. *See* Initial Review Order, Doc. No. 22, *Knight v. Semple*, No. 3:18-cv-703, at 3-9. I then ordered Knight to file an amended complaint in that case with additional facts in support of his Fourteenth Amendment Due Process claim. *Id.* at 9. His previously filed civil action, therefore, takes priority. *See Brown v. Semple*, No. 3:16-cv-1144 (SRU), 2017 WL 4246776, at *6 (D. Conn. Sept. 25, 2017) ("If it is possible for a plaintiff to amend the complaint in each action to 'comprehend all the issues and all the parties now involved in either,' the continuation of the first action to be filed is favored") (quoting *Hammett*

*v. Warner Brothers Pictures*, 176 F.2d 145, 150 (2d Cir. 1949)). Based on the foregoing, this civil action is dismissed.

**ORDER**

The complaint is **DISMISSED**. Because any further attempt to amend the complaint would be futile in light of the aforementioned legal principles, the complaint is **DISMISSED with prejudice**. The clerk is directed to enter judgment in favor of the DOC and close the case.

It is so ordered.

Dated at Bridgeport, Connecticut this 30th day of October 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge